UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:04-cv-1666-TAB-RLY |
| | ) | |
| VOILS CONSTRUCTION, LLC, | ) | |
| WALLACE VOILS, and LUE CINDY | ) | |
| VOILS, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.     Introduction.**

Between 2000 and 2001, Defendants Voils Construction, LLC and its owners Wallace Voils and Lue Cindy Voils ("the Defendants") entered into general construction agreements with the State of Indiana and the Whitewater Valley Community Library District of Brookville, Indiana ("the Library District").  The Plaintiff, RLI Insurance Company ("RLI"), as a surety, issued payment and performance bonds on these two construction projects.  RLI contends that, as a condition of issuing the bonds, Defendants agreed to reimburse RLI for any and all losses, damages, and expenses related to the construction bonds on each project.  RLI asserts that it incurred certain losses, damages, and expenses pursuant to the respective construction bonds. Further, it argues that, pursuant to these bonds as well as a general agreement of indemnity ("GAI") between the parties, it is entitled to recoup its damages from the Defendants.  For the reasons set forth below, RLI's motion is granted.  Judgment will be entered in favor of RLI for $281,919.33

**II.     Summary Judgment Standard.**

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Abrams v. Walker*, 307 F.3d 650, 653 (7th Cir. 2002), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Court must construe all facts and draw all reasonable inferences in a light most favorable to the non-moving party.  *Butera*, 285 F.3d at 605.

Because the purpose of summary judgment is to isolate and dispose of factually unsupported claims, the non-movant must respond to the motion with evidence setting forth specific facts showing that there is a genuine issue for trial.  *See Michael v. St. Joseph County*, 259 F.3d 842, 845 (7th Cir. 2001).  However, the Defendants did not respond to Plaintiff's summary judgment motion.  Thus, the Court must "assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy...."  L.R. 56.1(e).

**III.    Background.**

RLI conducts business as a bond surety for construction projects.  [Winship Aff. ¶ 2.]  In that capacity, RLI issues payment and performance bonds for construction projects.  [Winship Aff. ¶ 2.]  RLI provided payment and performance bonds for two of Voils Construction, LLC's

construction projects -- the Library District's project and the State of Indiana's Mounds State Park project No. E03-747-CB ("Mounds State Park project").  [Winship Aff. ¶ 3; Defs.' Answer, ¶ 2.]

As dictated by underwriting considerations and to protect RLI in the event of losses and expenses related to the projects, Defendants and RLI signed the GAI on August 9, 2000. [Winship Aff. ¶ 10; Defs.' Answer ¶ 2.]  Pursuant to the GAI, Defendants granted certain indemnity, security, and guarantee obligations to RLI in exchange for the posting of bonds on the Library District and Mounds State Park projects.  [Winship Affidavit ¶ 11; Defs.' Answer ¶ 2.]  Specifically, Wallace Voils and Lue Cindy Voils signed the GAI as individual indemnitors. [Winship Aff. ¶ 12; Defs.' Answer ¶ 2.]

The GAI between RLI and the Defendants sets out the contractual rights and remedies afforded to RLI.  The relevant provisions are as follows:

The GAI "Indemnity" section [Winship Aff. ¶ 13; Defs.' Answer ¶ 2], states that:

> The Contractor and Indemnitors jointly and severally shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor and Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement.

It further provides that [Winship Aff. ¶ 14; Defs.' Answer ¶ 2]:

> In the event of any payment by the Surety, the Contractor and Indemnitors further agree that in any accounting between the Surety, the Contractors and Indemnitors, the Surety shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it

was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to Surety.

The GAI's "Assignment and Security Interest" section [Winship Aff. ¶ 15; Defs.'

Answer ¶ 2] also defines the Defendants' obligations to RLI:

> The Contractor and the Indemnitors (jointly and severally) hereby assign, transfer and set over, and grant a security interest to, the Surety, as collateral to secure the obligations in any and all of the paragraphs of this Agreement and any other indebtedness and liabilities of the Contractor and the Indemnitors to the Surety, whether currently in existence or hereafter arising and regardless of whether the same is currently contemplated, in the following (the Collateral):
>
> (e) all accounts and accounts receivable, and all actions, causes of actions, claims and demands whatsoever which the Contractor and/or Indemnitors may have or acquire against, any obligee, general contractor, subcontractor, intermediary, owner or other responsible party with regard to the contractual work or obligation referred to in the Bonds or elsewhere.

Paragraph six, entitled "Takeover", [Winship Aff. ¶ 16; and Defs.' Answer ¶ 2]

states:

> In the event of any breach or default asserted by the obligee on any said Bonds, or where the Contractor has abandoned work on or forfeited any contract or contracts or obligations covered by any said Bonds, or has failed to pay obligations incurred in connection therewith….the Surety shall have the right, at its option and in its sole discretion, without any obligation, and is hereby authorized, with or without exercising any other right or option conferred upon it by law or in the terms of this Agreement, to take possession of any part or all of the work under any contract or contracts or obligations covered by any said Bonds, and at the expense of the Contractor and Indemnitors to complete or arrange for the completion of the same, and the Contractor and Indemnitors shall promptly upon demand pay to the Surety all losses, and expenses so incurred.

Paragraph 15, entitled "Settlements", [Winship Aff. ¶ 17; Defs.' Answer ¶ 2]

provides:

> The Surety shall have the right to adjust, settle or compromise any claim, demand, suit or judgment upon the Bonds, unless the Contractor and Indemnitors shall request the Surety to litigate such claim or demand, or to defend such suit, or to appeal from such judgment, and shall deposit with the Surety, at the time of such request, cash or collateral satisfactory to the Surety in kind and amount to be determined at the Surety's sole discretion, to be used in paying any judgment or judgments rendered or that may be rendered, with interest, cost, expenses and attorneys' fees, including those of the Surety.

In pertinent part, under the terms of the GAI, RLI is entitled to recover all amounts paid related to the bonds and surety loss adjustment expenses ("LAE"). [Defs.' Answer ¶ 2.]

The Library District and the Defendants entered into a written agreement regarding the general construction work on its project in January 2001. [Winship Aff. ¶ 6, and Defs.' Answer ¶ 2.] Pursuant to the statutory requirements of Indiana public works contracts, Defendants obtained a statutory payment bond and performance bond with sufficient surety, in a penal sum equal to the amount of the January 2001 contract. [Winship Aff. ¶ 7.] On behalf of Voils Construction, LLC, RLI issued a payment bond and a performance bond ("Library District bonds") dated January 9, 2001, on which Voils Construction, LLC was the principal and RLI was the surety. [Winship Aff. ¶ 8, Ex. A-1 and A-2; Defs.' Answer ¶ 2.]

During construction of the Library District's project, certain issues, disputes, and claims arose between the Library District and the Defendants. [Winship Aff. ¶ 18.] These issues led to a series of meetings between the Library District, RLI, and the Defendants in November and December of 2002, and April of 2003 to address the Library District's concerns and demands and the various items requested of Voils Construction, LLC to complete the contract work. [Winship Aff. ¶ 18.] Voils Construction, LLC performed some additional punch list work

through July 9, 2003, but did not complete all work, pay all claims, or otherwise satisfy its contractual obligations to the Library District. [Winship Aff. ¶ 19.] The Library District made several claims against Voils Construction, LLC for defective and incomplete work to no avail. [Winship Aff. ¶ 20.] As a result, it declared Voils Construction, LLC in default under the contract. It then made a claim for delay and sought liquidated damages. [Winship Aff. ¶ 20.]

Additionally, the Library District made five specific claims against RLI pursuant to the performance bond: (1) defective work and incomplete work claims [Winship Aff. ¶ 21]; (2) attorney fees incurred in investigating and responding to the various disputes and claims related to Voils Construction, LLC's work on the Library District's project [Winship Aff. ¶ 22]; (3) architectural and engineering fees incurred in investigating and responding to the disputes and claims related to work on the Library District's project [Winship Aff. ¶ 23]; (4) damage to a fence on neighboring property [Winship Aff. ¶ 24]; and (5) delays and liquidated damages [Winship Aff. ¶ 25]. RLI received claims against the payment bond by subcontractors and suppliers of Voils Construction, LLC for alleged non-payment as well. [Winship Aff. ¶¶ 26, 27.]

After the April 2003 meeting between the Library District, RLI, and the Defendants, RLI received no further communication from Defendants regarding the status of the various work items in question, nor did RLI receive the factual information or documentation rebutting the Library District's various performance or payment bond claims. [Winship Aff. ¶ 29.] The terms of the Library District bonds and the GAI required RLI to undertake its own investigation and analysis of the claims and to reach its own determination as to their reasonableness and validity. [Winship Aff. ¶ 30.]

Subsequent to its investigation, RLI determined that Defendants where in default of the

Library District bonds and had breached the GAI. [Winship Aff. ¶ 31, Ex. D.] On April 13, 2004, RLI sent the Defendants a letter notifying them of such. [Winship Aff. ¶ 31, Ex. D.] RLI further advised that it was attempting to negotiate and address the various claims and disputes on the Library District project directly with the Library District, and that RLI would seek indemnification against Defendants for any losses. [Winship Aff. ¶ 32.] Pursuant to the terms of the Library District bonds and the GAI, RLI proceeded with discharging the Library District's various claims against RLI. [Winship Affidavit ¶ 33.] As of August 10, 2004, RLI incurred $270,413.66 in damages and LAE associated with the Library District project. [Winship Aff. ¶ 36; Ex. C.]

In addition to providing the Library District bonds, RLI issued a contractor's bond, which served as both a payment and a performance bond, on behalf of Voils Construction, LLC for the Mounds State Park project. [Winship Aff. ¶ 37, Ex. E; Defs.' Answer ¶ 2.] Payment bond claims were asserted against RLI on the Mounds State Park project. [Winship Aff. ¶ 38.] RLI incurred $11,505.67 in LAE defending against and addressing these payment bond claims. [Winship Aff. ¶ 39, Ex. F.] Thus, RLI's total damages, consisting of surety losses and LAE, as of August 10, 2004, on both projects is $281,919.33. [Winship Aff. ¶ 40.]

As required by each payment and performance bond and the GAI, RLI sent a final indemnity demand letter to Defendants dated August 12, 2004. [Winship Aff. ¶ 43; Defs.' Answer ¶ 2.] The Defendants did not respond to RLI's notices and demands for exoneration, indemnification, and posting of collateral. [Winship Aff. ¶ 44; Defs.' Answer ¶ 2.]

**IV.     Discussion.**

RLI claims it is entitled to $281,919.33 in total damages, consisting of surety losses and LAE on both projects.  It asserts, unchallenged by Defendants, that these losses and LAE are the categories and types of damages addressed and made recoverable in paragraph's two, three, six, and fifteen of the GAI.  [Docket No. 30, p. 8.]

RLI's surety claim seeking indemnification of its losses from Defendants hinges on contractual language in the bonds and GAI.  A surety contract such as the one in this case is construed in accordance with the rules governing other contracts.  *In re Kemper Ins. Companies*, 819 N.E.2d. 485, 490 (Ind. Ct. App. 2004) (*quoting Garco Indus. Equip. Co. v. Mallory*, 485 N.E.2d 652, 654 (Ind. Ct. App. 1985)).  Thus, Indiana law is dispositive.

Under Indiana law, a party may contract with another party to indemnify for one's own negligence.  *Henthorne v. Legacy Healthcare, Inc.*, 764 N.E.2d 751, 756 (Ind. Ct. App. 2002).  Indemnity agreements involve a promise by one party (the indemnitor) to reimburse another party (the indemnitee) for the indemnitee's loss, damage, or liability.  *Henthorne*, 764 N.E.2d at 756 (*quoting* 41 Am. Jur. 2nd *Indemnity* § 1, at 348: "Indemnity requires full reimbursement, and transfers liability from one who has been compelled to pay damages to another").  Indemnity agreements are governed by contract law, and the general rules regarding contract interpretation apply.  *Zebrowski & Associates v. City of Indianapolis*, 457 N.E.2d 259, 261 (Ind. Ct. App. 1983).

Parties to an indemnification agreement have the right to define their mutual rights and obligations, and the court may not write a new contract.  *Johnson v. Sprague*, 614 N.E.2d 585, 588 (Ind. Ct. App. 1993).  When a contract is clear and the parties' intentions are apparent, the

parties must adhere to the bargain that they made.  *INB Banking v. Opportunity Options*, 598 N.E.2d 580, 582 (Ind. Ct. App. 1992).  Further, where a surety contract is entered into in relation to another agreement, both instruments must be construed together.  *Garco Indus. Equipment Co. v. Mallory,* 485 N.E.2d 652 (Ind. Ct. App. 1985).

      RLI is entitled to summary judgment in its favor if there are no disputed material facts surrounding the existence of an indemnification contract between the parties, the scope of damages permitted by the relevant bonds and GAI, and actual damages suffered by RLI.  Based on the undisputed facts before this Court, Defendants agreed to indemnify RLI for any losses associated with the bonds on both projects.  In their answer to RLI's complaint, the Defendants expressly admit that under the terms of the GAI RLI is entitled to recover all amounts paid by RLI in discharging claims under the Bonds and LAE.  [Defs.' Answer ¶ 2.]  Similarly, there is no dispute that Defendants failed to meet their contractual obligations, and claims resulted from their breach.  Acting according to all relevant bonds and the GAI, RLI incurred damages in the form of surety losses and LAE totaling $281,919.33.  Defendants do not dispute RLI's entitlement to indemnification of such damages.  Thus, RLI is entitled to summary judgment in its favor and an award of $281,919.33 in damages.

**V.      Conclusion.**

For the reasons set forth above, RLI's motion is granted.  Judgment will be entered in favor of RLI for $281,919.33.


Dated:  11/03/2005




_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana




Copies to:

Michael Francis Drewry
DREWRY SIMMONS VORNEHM, LLP
mdrewry@drewrysimmons.com

Patrick Austin Drewry
DREWRY SIMMONS VORNEHM, LLP
pdrewry@drewrysimmons.com

James T. Roberts
jtresq@kiva.net